Judge Cabell.
Benjamin Perkms executed to Peter Toell his negotiable note for $500, on which Humphreys, administrator of Toell, brought suit in the Superior Court of Law for the county of Campbell, and Brown became common bail. No defence being made, judgment was rendered against Perkins and Brown for the amount of the note, with interest. Brown filed his bill in the Court of Chancery for the Lynch-burg District, in which he stated, that shortly after the institution of the suit, he removed to the county of Nelson, “and taking it for granted that Perkins would attend to the said suit, and on the trial thereof, procure evidence of all the credits to which he was entitled, he gave himself no farther trouble about the matter;” but that Perkins, although entitled to large credits, tailed, from the extreme derangement of his affairs, and other circumstances, (not specified,) to prove the credits; in consequence whereof, judgment was rendered, as aforesaid, for the whole amount of the principal of the said note, with interest thereon. Ho alleges as a fact, (which ho says he will be able to prove,) that Toell was indebted to Perkins for various dealings, in -a sum equal, or nearly equal, to the amount of the note; for none «£ which had Perkins linen, paid: that Toell acknowledged. *544 in his life-time, that there was a very small balance, if any, due on the said note; and moreover, that since the death of Toell, Perkins had paid to his widow, with the knowledge °f his administrator, $100; which payment was intended j.Q be on account of certain extra interest upon the said note, agreed by the said Perkins to be paid to the said Toell. He prayed an injunction, which was granted.
Humphreys answered, denying all knowledge of the credits claimed, of the payment to Mrs. Toell, and of any agreement to pay usurious interest.
Brown filed an amended bill, and without making any new charge, made Perkins a party, calling on him to say, among other things, what excess of interest was demanded and received by the said Toell, of him the said Perkins.
The only evidence that could, in any aspect of the case, be relied on as material, is that of Nicholas Harrison, who testifies, that Toell told him, a short time before his death, that the note in question had been given for money lent at an interest of 2s per cent, a month: that the interest had been paid in goods; and that he was then dealing with Perkins, and would endeavour immediately to collect his whole debt; and that about $200 were then due.
The questions are, whether any relief is to be granted, either on account of the alleged usury, or of the credits claimed for Perkins?
1. As to the usury.
It is competent to. a party to an usurious contract, to go into equity for relief as to the interest, even after a judgment at law, and without assigning any reason for having failed to defend himself at law. But, this can be done only on a bill properly framed for the purpose.
If the bill in this case had impeached the transaction as usurious in its origin, and had sought relief on that ground, the testimony of Harrison might have been relied on in support of a claim to be exempted from paying any interest whatever. But, there is no such allegation in the bill; and, therefore, the testimony of Harrison as to the usury, *545 /elating to a matter not in issue, is irrelevant, and ought to be disregarded.
The only part of the bill that relates to the question of usury, is that which states that since the death of Toell, Perkins had paid his widow, with the knowledge of the administrator, the sum of % 100 for extra interest on the note, agreed by Perkins to be paid to Toell. But, this is not stated to have been originally agreed, when the note was executed It may have been a subsequent agreement, in consideration of delay of payment, after the note became due; in which case, it would not have affected the note, and the legal interest upon it, although, if supported by testimony, it might have entitled him to relief for all beyond legal interest. But, the allegation, as made in the bill, is denied in the answer; and is not supported by Harrison’s testimony, nor any other in the cause.
The appellant was, therefore, rightly dismissed from Court, so far as relates to the question of usury.
2. We will next examine his pretensions, on the ground of the credits to which, it is alleged, Perkins was entitled.
It may be admitted that, as to these credits, Harrison’s testimony is relevant, and even satisfactory. But the appellant will, nevertheless, be entitled to no redress. The bail had a right to make any defence at law, which the principal himself might have made. He might have defended himself on the ground of these credits. There is no allegation of a defect of testimony; for, even in his bill, he declares his ability to prove them. He ought to have defended himself at law; and as he assigns no good reason, why he did not do so, the door of the Court of Equity ought not to have been opened to him.
The decree of the Chancellor should be affirmed.
Judges Carr and Green concurred, and the judgment was affirmed.*

 The President and Judge Coaster absent.